**Wendell MURPHY, d/b/a Avis Rent-A-Car, Appellant,**

v.

**LEXINGTON–FAYETTE COUNTY AIR-PORT BOARD, a Body Politic and Corporate, and Bruce Glenn, d/b/a National Car Rental Service, Inc., Appellees.**

Court of Appeals of Kentucky.

Nov. 5, 1971.

George E. Barker, Barker & King, Lexington, for appellant.

F. Selby Hurst and Richard Bush, Jr., Lexington, for Bruce Glenn.

Weldon Shouse, Lexington, for Lexington-Fayette County Airport Board.

CULLEN, Commissioner.

Bruce Glenn, d/b/a National Car Rental Service, Inc., obtained judgment, in an action against the Lexington-Fayette County Airport Board, which granted specific performance of a contract found by the court to have been created from the making by the airport board of an offer to Glenn of contractual terms for operation of a National Car Rental Service station at Blue Grass Airport, and the acceptance of that offer by Glenn. Twenty-six days after entry of the judgment, Wendell Murphy, d/b/a Avis Rent-a-Car (hereinafter "Avis"), moved to intervene, asserting that Avis and Hertz Rent-a-Car had contracts with the airport board giving Avis and Hertz the exclusive privilege to operate car-rental concessions at Blue Grass Airport; that the judgment in Glenn's action would adversely affect Avis' rights; and that Avis' interests had not been and were not being represented adequately by the airport board, which had announced that it would not appeal the judgment. Avis claimed that it came within the provisions of CR 24.01, governing intervention as a matter of right. The circuit court entered an order overruling the motion to intervene. Avis is appealing from that order.

Avis undertakes to place some reliance on the provision of the Declarato-

ry Judgment Act relating to parties, KRS 418.075, and on the civil rule which prescribes what parties shall be joined if feasible, CR 19.01. We believe, however, that those provisions can be invoked only by *parties*, not by a person who seeks to become a party. Certainly a nonparty could not collaterally attack a judgment on the ground that KRS 418.075 or CR 19.01 had not been complied with. Thus, only CR 24.01 governs the determination of the question of Avis' right to intervene.

The initial requirement set forth in CR 24.01 is that there be a "timely application" to intervene. The circuit court found that Avis' application was not timely. We agree.

Avis was fully aware of the lawsuit from its inception. Avis' proprietor, Murphy, was a witness in the lawsuit. The action was begun on September 16, 1968, and judgment was not entered until July 25, 1969. During this period it surely became apparent to Avis that the parties were not going to ask the court that Avis be brought in. Thus, the only justification Avis could claim for not sooner making application to intervene would be that Avis believed its interests would be represented adequately by the airport board. Avis argues that it did so believe, and had no reason to believe to the contrary up until the time that the airport board announced that it would not appeal from the judgment.

 We believe Avis' argument is not valid. We think Avis could be excused from not sooner applying to intervene only if the relied-upon adequate representation was not in fact given, in violation of representations on which the reliance was based. The mere fact that an unfavorable judgment was entered and that the airport board chose not to appeal from that judgment does not establish lack of adequate representation *in the trial of the case*, which is what CR 24.01 deals with. There is no showing that the airport board failed to live up to any express or implied obliga-

tions to Avis in defending the lawsuit. We do not conceive that CR 24.01 intends that if a party who is representing the interests of a nonparty adequately represents those interests, but judgment nevertheless goes against those interests, the party must appeal else the nonparty may intervene as a matter of right. If that were the rule, a nonparty could simply lie back and await the result of the action in the circuit court and then, if not satisfied with the judgment, compel a retrial by the device of intervening after judgment.

We are aware of the holding in Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505, that under the circumstances there involved the failure of a party to appeal clearly indicated that its representation of some nonparties was inadequate. But there the legal relationships were such that the nonparties were considered to have been represented by the party in the *legal* sense of virtual representation, in that the judgment against the party would be *binding* on the nonparties. In the instant case no one suggests that the representation of Avis' interests, by the airport board, was anything other than a gratuitous one arising out of mutual desires as to the outcome of the suit. Avis was not "represented" by the airport board in the sense employed in the doctrine of res judicata.

Avis relies on Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936, as authority for the proposition that the trial court, and even an appellate court, should of its own initiative take steps to protect the interests of an "indispensible" nonparty, where the parties have not sought joinder of the nonparty. That case deals with *what disposition should be made of the action* in the absence of an "indispensable" party; it has nothing to do with the question of the right of intervention.

This court has recognized that intervention may be allowed after judgment, but in such a case "the applicant has a special

burden of justifying the apparent lack of timeliness." Monticello Electric Plant Board v. Board of Education, Ky., 310 S. W.2d 272 at 274. It is our opinion that Avis did not meet that burden.

The judgment is affirmed.

All concur except REED, J., who did not sit.