**Virgil PEARMAN and Wilma Pearman, his wife, Movants,**

v.

**Virginia SCHLAAK et al., Respondents.**

Supreme Court of Kentucky.

Nov. 21, 1978.

D. Michael Coyle, Huddleston, Van Zant & Coyle, Elizabethtown, for movants.

Nicholas L. Pearl, Pearl, Pearl & Pearl, Radcliff, for respondents.

JONES, Justice.

This is a discretionary review of a decision of the Court of Appeals reversing a judgment of the Hardin Circuit Court which denied Virginia Schlaak, et al, the right to intervene nine days after judgment was entered in an action between the Pearmans against City of Radcliff, Kentucky and Joint City-County Planning Commission of Hardin County, Kentucky.

The question presented is whether local property owners not a party to the action had a right to intervene nine days after judgment was entered in favor of the Pearmans in their action against the City of Radcliff and the Joint City-County Planning Commission of Hardin County, Kentucky.

For a determination of the issue it is necessary to detail some pertinent facts.

The Pearmans owned certain property in the city of Radcliff known as Indian Hills Subdivision, Section 7. They desired to build an apartment house in Section 7 and sought a zoning change from R–2 (single-family residence) to R–5 (multi-family dwelling). The Joint City-County Planning Commission of Hardin County recommended to the city council of Radcliff that the proposed change be granted. After a public hearing the Radcliff City Council denied the requested change.

The Pearmans then filed a complaint in the circuit court in which they alleged that denial of the change by the Radcliff City Council was arbitrary and capricious. The Pearmans' complaint was against the city of Radcliff and the Joint City-County Planning Commission. On August 24, 1976, the trial court entered a judgment setting aside the action of the Radcliff City Council. The judgment also directed the city council to rezone the Pearmans' property from an R–2 classification to an R–5 classification. The Radcliff City Council took no appeal from that judgment.

On September 2, 1976, Virginia Schlaak, et al, local property owners, filed a motion

to intervene as additional parties defendant "for the purpose of instituting an appeal." The local property owners tendered a notice of appeal from the judgment of August 24, 1976. They also tendered a pleading styled "motion for judgment notwithstanding the verdict and in the alternative for a new trial."

On September 17, 1976, the trial court overruled the motion of Schlaak, et al, to intervene. The circuit court held that the interests of Schlaak, et al, had been adequately protected by the defense made on behalf of the City of Radcliff and that the motion to intervene after judgment was not *timely filed.* Schlaak, et al, then appealed that decision to the Court of Appeals. On September 23, 1977, the Court of Appeals reversed the trial court and entered an order permitting Schlaak, et al, to prosecute an appeal of the trial court's decision.

This court is of the view that the answer to the question is interwoven in CR 24.01 which provides:

"Upon timely application anyone shall be permitted to intervene in an action (a) when a statue confers an unconditional right to intervene, or (b) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties."* (Emphasis added).

Virginia Schlaak, et al, do not contend that a statute confers on them an unconditional right to intervene. They do contend, however, that they have "an interest relating to the property . . . which is the subject of the action . . . and [are] so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest. . . "

Virginia Schlaak and the other local property owners do not claim they did not have actual notice of the trial-type hearing by the Radcliff City Council. They were present at the hearing and were represented by the same attorney who represents them here. Furthermore, they have shown no reason why they waited until after the trial court's decision before they sought to intervene.

This court has held that a party seeking intervention after judgment has a special burden of justifying the lack of timeliness. *Monticello Electric Plant Board v. Board of Education,* Ky., 310 S.W.2d 272 (1958). Here, it is obvious that Virginia Schlaak and the other local property owners have not overcome the special burden of justifying the lack of timeliness. They were content to sit under their own "vine" and let the Radcliff City Council carry the burden.

This court promulgated CR 24.01 as a guideline for intervention as a matter of right. The local property owners failed to abide by that rule. As late as 1971 the court had a similar factual situation involving the right of intervention under CR 24.01. The court in explaining the reason for the rule held:

"We do not conceive that CR 24.01 intends that if a party who is representing the interests of a nonparty adequately represents those interests, but judgment nevertheless goes against those interests, the party must appeal else the nonparty may intervene as a matter of right. If that were the rule, a nonparty could simply lie back and await the result of the action in circuit court and then, if not satisfied with the judgment, compel a retrial by the device of intervening after judgment." *Murphy v. Lexington-Fayette County Airport Board,* Ky., 472 S.W.2d 688 (1971).

The Court of Appeals attempted to distinguish *Murphy, supra,* from the facts here, by saying "the person seeking to intervene in *Murphy* had not participated in the trial of the case." Virginia Schlaak and the other property owners did not participate in the trial of this case because they had not sought intervention prior to judgment. They were seeking a free ride on the train of the Radcliff City Council, and were left at the station when the city council

failed to prosecute an appeal from the decision of the trial court.

The judgment of the Court of Appeals is reversed; the judgment of the trial court is affirmed.

PALMORE, C. J., and STEPHENSON and STERNBERG, JJ., concur.

REED, J., files a dissenting opinion in which CLAYTON and LUKOWSKY, JJ., join.

REED, Justice, dissenting.

I dissent. The majority opinion posits the issue for decision as "whether local property owners not a party to the action had a right to intervene nine days after judgment was entered in favor of the Pearmans in their action against the City of Radcliff and the Joint City-County Planning Commission of Hardin County, Kentucky."

The record reveals that the real issue for decision is whether adjacent property owners, whose interests have been protected by a public zoning authority in a proceeding of judicial review of its decision not to rezone a particular parcel of real estate, are entitled to intervene for the purpose of taking an appeal from a judgment adverse to the public zoning authority which declines to appeal.

The adjacent property owners are intervenors as a matter of right. The majority opinion concedes as much when it undertakes to interpret the provisions of CR 24.01 rather than the "permissive" intervention provisions of CR 24.02.

The decisive inquiry is whether these intervenors as a matter of right acted "timely" as required by the procedural rule. The same requirement to act "timely" is made applicable to "permissive" intervenors whom the court, in the exercise of discretion, allows to participate in a pending action.

The intervenors in this case acted as promptly as possible under the circumstances. As soon as they learned that the public authority which had unsuccessfully litigated in the judicial review proceeding was not going to appeal the adverse judgment, they filed inter alia a proper motion to intervene and tendered a notice of appeal while the trial court still had authority to alter its judgment and long before the time to appeal had expired—they acted within nine days after judgment according to the majority opinion.

Kentucky's CR 24 closely follows the federal rule FRCP 24. Therefore, federal cases and the decisions of other states which operate under substantially the same procedural rules are relevant authority.

The case of *Wolpe v. Poretsky,* 79 U.S. App.D.C. 141, 144 F.2d 505 (1944) squarely supports the decision of the Court of Appeals allowing intervention confined to the purpose of taking an appeal. Although in view of later developments subsequently discussed, I doubt the continued vitality of *Murphy v. Lexington-Fayette County Airport Board,* Ky., 472 S.W.2d 688 (1971), which is the sole case relied upon by the majority, even a casual reading of the *Murphy* opinion reveals that it did not question the validity of allowing property-owner intervention in the zoning dispute there presented for the purpose of taking an appeal. Regardless of the acceptability of other attempted distinctions in the *Murphy* opinion, the approval of the *Wolpe* result in the context presented in this case is at least implicit.

In *Hukle v. City of Kansas City,* 212 Kan. 627, 512 P.2d 457 (Kan.1973), the Supreme Court of Kansas construed a procedural rule of substantially similar provisions contained in our CR 24. The Kansas court held that in a proceeding by a landowner to rezone a tract to permit erection of a townhouse complex, when the city, which had refused to rezone, dismissed an appeal from an unfavorable decision of the trial court, neighboring landowners' interests were inadequately represented by the city, and neighboring landowners were entitled to intervene for the purpose of prosecuting an appeal as a matter of right. The opinion states in part:

"From all the foregoing the conclusion is inescapable that appellant should have

been allowed to intervene as a right. Its members owned property which would be affected by the rezoning and it made prompt application to intervene when representation of its interest ceased. Without intervention its right of appeal could not otherwise be protected. Application was made while the proceeding was still pending in the sense the court had not yet acted on the city's motion to dismiss. The trial court erred in denying the second application to intervene. Review of the judgment on the rezoning action on the points raised by the city is consequently in order."

*Id.* at 463.

The Supreme Court of Colorado considered the provisions of Colorado Rule of Civil Procedure 24 which is the same as our CR 24 and the Federal Rule of Civil Procedure 24 in *Dillon Companies, Inc. v. City of Boulder,* 515 P.2d 627 (Colo.1973). The court held that adjacent landowner parties who sought to intervene in a rezoning dispute should have been allowed to intervene as a matter of right for the purpose of appeal. The city had decided not to appeal an adverse court decision which directed that a parcel of real estate be rezoned. The intervenors there as here had no one to protect their interests through an appeal.

In my view, the majority is unfair in characterizing the adjacent landowners as "seeking a free ride on the train of the Radcliff City Council." They participated actively in the only "trial type" proceeding before the zoning authorities. The action in the trial court was a review of the record made in the zoning proceedings. Their attempted intervention in the trial court prior to judgment would have been purely pro forma.

The trend of the modern decisions is against erecting the entry of judgment as an insurmountable obstacle to intervention for the purpose of taking an appeal. Where the intervenor seeks to reopen issues and relitigate before the trial court different considerations are presented and the policy of encouraging finality appears to favor the requirement of satisfaction of a

"special burden" to justify a belated appearance.

"Thus although the cases 'tend to involve unique situations' and to require 'a close examination of all the circumstances of the case,' in a significant number of cases intervention has been allowed even after judgment. One reason for allowing this is so that the intervenor can prosecute an appeal that the existing party has determined not to take." 7A C. Wright & A. Miller, Federal Practice and Procedure: Civil Section 1916, at 582–83 (1972).

If a doubt existed concerning when an application for intervention for the purpose of taking an appeal should be made to be considered "timely" under FRCP 24, it was resolved by the United States Supreme Court in *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977). There, the Supreme Court held in an equal opportunity case that an application to intervene for an appeal to be taken was "timely" under FRCP 24 where it was filed within the 30-day period for an appeal to be taken.

Footnote 16 of the majority opinion is particularly applicable to the case before us. It states in part: "Post-judgment intervention for the purpose of appeal has been found to be timely even in litigation that is not representative in nature, and in which the intervenor might therefore be thought to have a less direct interest in participation in the appellate phase." (citing cases) *Id.,* 97 S.Ct. at 2470.

The majority opinion concludes:

"Our conclusion is consistent with several decisions of the federal courts permitting post-judgment intervention for the purpose of appeal.[16] The critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment. *Cf. NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648. Here, the respondent filed her motion within the time period in which the named plaintiffs could have taken an appeal. We therefore conclude that the Court of Appeals

was correct in ruling that the respondent's motion to intervene was timely filed and should have been granted." *Id.,* 97 S.Ct. at 2470–71.

Neither the federal government, the United States Supreme Court nor any national body undertook to impose upon us the Federal Rules of Civil Procedure. We adopted those rules of our own free volition. When a body of procedural rules is designed to encourage uniformity of practice, it is unfortunate when they are interpreted differently in the courts sitting in the same state. One reason for our adoption of the Federal Rules of Civil Procedure with few variations was to promote ease of practice in the federal and state courts in Kentucky. The United States Supreme Court has interpreted Federal Rule 24. There is no good reason for us to make a different interpretation. The movants suffer only the detriment they carried in any event. The named party could have appealed in the time provided. The Court of Appeals carefully limited the respondents to the record made by the named party, and confined the respondents to the prosecution of an appeal from the adverse judgment.

The majority have achieved nothing except the creation of a trap for the unwary lawyer who attempts to practice in both the state and federal courts in Kentucky. I would affirm the decision of the Court of Appeals.

I am authorized to state that LUKOWSKY and CLAYTON, JJ., join in this dissent.