AMERICAN INTERINSURANCE
EXCHANGE, Appellant,

v.

Darrell Dean NORTON; State Farm Mutual Automobile Insurance Co.; Frank Jemley, Jr.; Frank Jemley, III; Dorothy D. Barnett; and Christine Nation, Administratrix of the Estate of Donnie Nation, Deceased, Appellees.

Court of Appeals of Kentucky.

April 23, 1982.

Richard H. C. Clay, Louisville, for appellant.

Rose LeVada Shipp, Taylorsville, Chester A. Vittitow, Jr., G. William Clements, Louisville, J. Chester Porter, Thomas L. Waller, Shepherdsville, for appellees.

Before COOPER, HOWARD and VANCE, JJ.

COOPER, Judge.

■ This is an appeal from a declaratory judgment holding the appellee, Darrell Dean Norton, to be an insured under a policy of insurance issued by the appellant, American Interinsurance Exchange. The issue presented is whether such judgment is clearly erroneous. CR 52.01. On review, we reverse and remand.

The facts relative to this action are as follows: In July of 1979, the appellee, Christine Nation, Administratrix of the estate of Donnie Nation, deceased, filed a negligence action against the co-appellees, Darrell Dean Norton, Frank Jemley, Jr., Frank Jemley, III, Dorothy E. Barnett, and Donnie Ethington d/b/a Don Ethington Auto Sales (hereinafter Ethington). The complaint alleged that on February 24, 1979, the decedent was killed in a motor vehicle accident while a passenger in a vehicle owned by Ethington and operated by Norton. It alleged negligence on the part of all named defendants. Furthermore, it named State Farm Mutual Automobile Insurance Company (appellee herein) as a defendant in that it had issued a liability insurance policy, including uninsured motorist's coverage, for the decedent's father, Jesse B. Nation. At the time of his death, the decedent was a member of his father's household.

Subsequent to discovery, Norton filed a third-party action against the appellant which had issued a policy of liability insurance to Ethington at the time of the accident. Norton alleged that as Ethington had given possession and use of the vehicle to him, he was an omnibus insured within the language of the policy. Therefore, he alleged that the appellant had the duty to defend him in the original action, and a further duty to indemnify him from any judgment recovered by the decedent's administratrix. The appellant denied all substantive allegations, and counterclaimed against all of the original defendants, except Ethington, requesting declaratory relief to the effect that the policy did not cover Norton at the time of the accident.

Subsequent to arguments by appellant's counsel and counsel for State Farm, the trial court entered a judgment determining that Norton was an insured under the policy issued by the appellant and, therefore, the appellant had a duty to defend him on the plaintiff's claim. It further held that the appellant was bound to pay any judgment obtained by the plaintiff against Norton up to the limits of its policy. That judgment provided that the complaint, cross-claim, and counter-claims against State Farm were dismissed with prejudice. It is from such judgment the appellant now appeals.

■ The appellant contends that the trial court erred in its finding that Norton was an insured under the terms of its policy. Initially, it argues that although title to the vehicle remained in Ethington's name prior to and at the time of the accident, Norton was the vehicle's owner, and therefore excluded from coverage under the specific language of the policy. Alternatively, it argues that Norton was not an insured as his possession of the vehicle was transferred "pursuant to an agreement of sale." Section 4 of the policy states, in part, as follows:

None of the following is an insured: (iii) any person or organization, other than the named insured, with respect to any automobile (a) owned by such person or organization or by a member (other than the named insured) of the same household, or (b) possession of which has been transferred to another by the named insured pursuant to an agreement of sale. . .

Conversely, the appellees argue that substantial evidence exists to support the trial

court's finding that Norton did not own the vehicle at the time of the accident. Specifically, they argue that all elements of ownership, except possession, remained in Ethington. No bill of sale, as required by KRS 186.010, KRS 186.190, and KRS 186.-220, had been issued. More significantly, they argue that both Ethington and Norton intended no sale to occur until payment had been completed. In other words, the appellees contend that Ethington was retaining title to the vehicle until he had been paid in full. At the time Norton took possession of the vehicle, he gave Ethington a $70.00 deposit toward a purchase price of $200.00. The balance of the purchase price was to be paid in $50.00 installments every two weeks, until March 1. Title to the vehicle was not transferred to Norton's name until August 17, 1979.

Reviewing the evidence presented to the trial court, we hold that its judgment is clearly erroneous. CR 52.01. That judgment contained no specific findings of fact on the issues raised by the parties. Consequently, this Court cannot determine on what basis the trial court entered its judgment. Although it is arguable that Norton was not the "owner" of the vehicle at the time of the accident, it is clear, from the record, that Ethington had transferred possession of the vehicle to Norton "pursuant to an agreement of sale."

The appellees argue that the agreement entered into between Ethington and Norton—styled a car order—was not a written agreement of sale. We reject this argument. The agreement was signed by both parties, described the vehicle to be sold, and stated the terms of the sale. Under KRS 355.2–201(1), all the formal requirements of a contract for the sale of goods were satisfied. Consequently, the exclusionary language contained in the policy of insurance issued by the appellant applies, denying Norton the status as a named insured. *See* 6 Appleman, *Insurance Law and Practice*, § 4451 (1979); *Allstate Insurance Company v. Napier*, Ky., 505 S.W.2d 169 (1974). Accordingly, we reverse the judgment of the trial court and direct it to enter judgment for the appellant, holding that Darrell Dean Norton was not an insured under a policy of insurance issued by it.

The judgment below is reversed, with directions that the trial court enter judgment for the appellant, holding that Darrell Dean Norton was not an insured under a policy of insurance issued by it to Donnie Ethington, d/b/a Don Ethington Auto Sales.

All concur.