UNINSURED EMPLOYERS'
FUND, Appellant,

v.

Dennis BRADLEY, Administrator of
the Estate of Carmelo Angel
Isidoro Mayo, Appellee.

No. 2006–CA–000869–MR.

Court of Appeals of Kentucky.

Oct. 19, 2007.

Rehearing Denied Jan. 2, 2008.

Gregory D. Stumbo, Attorney General, C.D. Batson, Assistant Attorney General, Frankfort, KY, for appellant.

Mark J. Hinkel, Jessica Hughes, Lexington, KY, for appellee.

Before KELLER and VANMETER, Judges; GUIDUGLI,[1] Senior Judge.

## OPINION

KELLER, Judge.

The Uninsured Employers' Fund (UEF) appeals from an order of the Fayette Family Court denying its motion to set aside an order determining that Carmelo Angel Isidoro Mayo (Mayo) was the father of A.M. The UEF argues that the family court's order was void *ab initio* because that court

---

1. Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

lacked jurisdiction. Furthermore, the UEF argues that it was a necessary party to this action and that the family court erred when it did not provide relief under CR 60.03. For the reasons set forth below, we affirm.

## FACTS

Mayo died as the result of a December 2, 2003, work injury. Mayo's estate (the "estate") filed a workers' compensation claim against his employer and a civil action against the owner of the property where the fatal accident occurred. At the time of his death, Mayo's employer did not have workers' compensation insurance; therefore, the UEF was joined as a party to Mayo's workers' compensation claim. During the course of discovery in Mayo's workers' compensation claim and/or in his civil suit, the parties determined that Mayo might have fathered a daughter, A.M., before coming to the United States from Mexico. The estate asked the Administrative Law Judge (ALJ) to make a decision regarding paternity. The UEF objected and, in its brief to the ALJ, stated that the proper venue for determining paternity was the Fayette County Family Court. The ALJ declined to make a determination regarding paternity, and the estate filed a "Verified Complaint for Determination of Paternity" with the family court on April 18, 2005. The estate did not name the UEF as a party but it did provide the UEF with a copy of the complaint. The UEF did not move to intervene or otherwise respond to the complaint.

On April 28, 2005, the family court appointed a guardian ad litem (GAL) for A.M., who filed a motion for summary judgment on July 7, 2005. In support of that motion, the GAL noted testimony from Dr. Scarpetta, who genetically tested DNA samples from Mayo, A.M., and A.M.'s mother. Based on that testing, Dr. Scarpetta testified that there was a 99.99% statistical probability that Mayo was A.M.'s father. No rebuttal evidence was offered; therefore, on July 15, 2005, the family court entered an agreed order finding that Mayo was A.M.'s father.

On September 9, 2005, the UEF filed a motion to set aside the paternity order under CR 60.02. In support of its motion, the UEF primarily argued that the court's jurisdiction in paternity cases is governed by KRS Chapter 406. Under KRS 406.180, the family court has jurisdiction over a child born out of wedlock if certain residency requirements are met. The UEF argued that because neither A.M. nor her mother had ever been to the United States, let alone Kentucky, the threshold requirements for jurisdiction under KRS 406.180 had not been met.

The UEF also argued that the estate had not properly filed its complaint under KRS 406.021, which provides that a paternity action be filed by either the county attorney or the Cabinet for Health and Family Services. As noted above, the estate filed the complaint herein; therefore, the UEF argued that the action was not properly before the family court. Furthermore, the UEF argued that, even if the action had been properly filed, jurisdiction would be lacking because a paternity action under KRS 406.021 cannot be brought when the putative father is deceased. Finally, the UEF argued that it was a necessary party to the action because it had a monetary interest in the outcome, and the estate's failure to join it was fatal to the action.

In its response, the estate argued that KRS Chapter 406 does not provide the sole method for determining paternity because paternity can also be established by a declaratory judgment action. The estate noted that the family court is a court of

general jurisdiction and that declaratory judgment actions can be filed in a court of general jurisdiction. Therefore, according to the estate, the family court properly had jurisdiction.

On March 27, 2006, the family court entered an opinion and order denying the UEF's motion to set aside the paternity order. In that opinion and order, the family court stated that the action was not a paternity action under KRS Chapter 406 but an action for declaratory judgment pursuant to KRS Chapter 418 and that the court had jurisdiction. Furthermore, the family court found that the UEF's motion was not proper under CR 60.02 because the UEF was not a party. However, the family court held the UEF's motion was proper under CR 60.03. Having made those procedural determinations, the family court found that the UEF had failed to establish the necessary facts to obtain relief under CR 60.03. Furthermore, the family court found that, because the action did not directly call for the UEF to pay money, the UEF was not a necessary party.

There are three issues before us: (1) whether the family court had jurisdiction to determine paternity; (2) whether the action filed by the estate was a paternity action or an action for declaratory judgment; and (3) whether the UEF was a necessary party that should have been joined prior to the family court's determination of paternity.

## STANDARD OF REVIEW

■ When a court is alleged to be acting outside of its jurisdiction, the standard of review is *de novo*. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky.2004). However, the standard of review on appeal from a declaratory judgment is whether such judgment was clearly erroneous. *American Interinsurance*

*Exchange v. Norton*, 631 S.W.2d 851, 852 (Ky.App.1982). Therefore, we must apply one standard to the jurisdictional issue and a different standard to the remaining two issues. We will address the jurisdictional issue first.

## ANALYSIS

### A. Jurisdiction

■ The UEF argues on appeal, as it did before the family court, that the family court lacked jurisdiction to determine paternity. The UEF points to two provisions of the Uniform Act on Paternity, KRS 406.021 and 406.180. KRS 406.021 provides that:

(1) Paternity may be determined upon the complaint of the mother, putative father, child, person, or agency substantially contributing to the support of the child. The action shall be brought by the county attorney or by the Cabinet for Health and Family Services or its designee upon the request of complainant authorized by this section.

The action in family court was brought by the estate, not by the county attorney or by the Cabinet for Health and Family Services or its designee. Therefore, the action was not properly before the family court under KRS 406.021.

KRS 406.180 provides that Chapter 406 applies to all cases of birth out of wedlock:

(1) Where birth occurs within this state;

(2) When birth occurs out of this state at the time the mother is a resident of this state after June 18, 1964; or

(3) When birth occurs out of this state and at some time following the birth the mother becomes a resident of this state after June 18, 1964.

Based on the record, M.A. was born and has lived her entire life outside of the United States. Furthermore, M.A.'s

mother has never resided in the United States or in Kentucky. Therefore, the provisions of KRS Chapter 406 do not apply to M.A. Accordingly, the family court did not have jurisdiction to decide paternity under KRS Chapter 406.

■ However, KRS Chapter 406 is not the only source of jurisdiction for determining paternity issues. As noted by the estate, Section 112 of the Constitution of Kentucky and KRS 23A.100 and 23A.110 provide support for its contention that the family court does have jurisdiction. Although we believe that the estate's reliance on several specific sections of KRS 23A.100 and 23A.110 is misplaced, we hold that the family court did have jurisdiction over this matter based on the general language of those statutory provisions.

Section 112 of the Constitution of Kentucky provides that:

(5) The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court. . . .

(6) The Supreme Court may designate one or more divisions of Circuit Court within a judicial circuit as a family court division. A Circuit Court division so designated shall retain the general jurisdiction of the Circuit Court and shall have additional jurisdiction as may be provided by the General Assembly.

Neither party to this appeal has challenged the fact that the lower court was a family court. Therefore, reading the above two sections together, it is clear that the family court herein had both general and specific jurisdiction.

The family court's general jurisdiction is reiterated in KRS 23A.100(1), which provides that a family court shall have the

general jurisdiction granted by Section 112 of the Constitution of Kentucky. Under KRS 23A.100(2)(b), the family court is granted the specific jurisdiction to conduct "[p]roceedings under the Uniform Act on Paternity, KRS Chapter 406. . . ." As noted above, KRS Chapter 406 does not apply to these proceedings because the action was not brought by the appropriate party and because A.M. has never been in Kentucky and her mother has never established residency in Kentucky. Therefore, because the family court lacked jurisdiction pursuant to KRS Chapter 406, the family court was without jurisdiction to determine paternity under KRS 23A.100(2)(b).

However, the grant of general jurisdiction made in Section 112 of the Constitution of Kentucky as well as the general language of 23A.100(1) give the family court jurisdiction beyond KRS Chapter 406 proceedings. Pursuant to KRS 418.040,[2] that jurisdiction extends to declaratory judgment actions. Therefore, we hold that the family court had jurisdiction.

### B. Type of Action

■ The UEF argues that the estate should have chosen to pursue a declaratory judgment action under KRS Chapter 418, rather than a paternity action. However, the complaint does not state whether it is being brought pursuant to KRS Chapter 406 as a paternity action or as a declaratory action under KRS Chapter 418. The complaint simply asks the court to determine paternity. CR 8.06 provides that "[a]ll pleadings shall be so construed as to do substantial justice." As the Supreme

**2.** KRS 418.040 provides that: "In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked."

Court of Kentucky noted in *McCollum v. Garrett*, 880 S.W.2d 530, 533 (Ky.1994), "a pleading [should] be judged according to its substance rather than its label or form." Therefore, we discern no error in the family court treating the estate's complaint as a declaratory judgment action under KRS Chapter 418 rather than as a paternity action under KRS Chapter 406.

### C. Necessary Party

The UEF argues that it was a necessary party to the action and that, because it was not joined, the action should have been dismissed. Because this was a declaratory judgment action, we must review the pertinent portions of KRS Chapter 418. KRS 418.075 provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." The UEF argues that it was a necessary party because it had an interest that would be affected by a declaration that Mayo had children at the time of his death. Any interest the UEF has arises from KRS Chapter 342. KRS 342.760 provides that the UEF shall have liability "for the payment of compensation when there has been a default in the payment of compensation due to the failure of an employer to secure payment of compensation." In other words, the UEF is liable for compensation that would otherwise be the responsibility of the employer or its insurer.

KRS 342.750 provides that an employer (and therefore, in this case, the UEF) has liability for a one time death benefit payable to a decedent's estate following a work related death. In the event the decedent had any children at the time of his death, the employer has liability for payment of income benefits to those children. Therefore, the UEF has an interest

in whether Mayo had any children at the time of his death and arguably had an interest in the outcome of the proceedings in the lower court. However, we agree with the estate that the proper course for the UEF to pursue was to seek to intervene in the action prior to the family court's judgment. As noted by the then Court of Appeals, "the provision of the Declaratory Judgment Act relating to parties, KRS 418.075, and ... the civil rule which prescribes what parties shall be joined if feasible, CR 19.01[,] ... can be invoked only by *parties*, not by a person who seeks to become a party." *Murphy v. Lexington–Fayette County Airport Board*, 472 S.W.2d 688, 689–90 (Ky.1971). (Emphasis in original). As noted by the Court in *Murphy*, holding otherwise would permit a nonparty to "simply lie back and await the result of the action in the circuit court and then, if not satisfied with the judgment, compel a retrial by the device of intervening after judgment." *Id.* at 690. Therefore, because the UEF chose not to intervene prior to the family court's judgment, it cannot now complain about that judgment.

### D. Relief Under CR 60.03

CR 60.03 provides that:

Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

In order to be entitled to relief under CR 60.03 the UEF was required to establish appropriate equitable grounds.

Generally, claimants seeking equitable relief through independent actions must meet three requirements. Claimants must (1) show that they have no other available or adequate remedy; (2) *demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief;* and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief. *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d 655, 662 (2nd Cir.1997) (emphasis added). Further, an independent action for equitable relief from a judgment is unavailable if the complaining party has, or by exercising proper diligence would have had, an adequate remedy in the original proceedings.

*Bowling v. Commonwealth,* 163 S.W.3d 361, 365 (Ky.2005). As correctly noted by the family court, the UEF failed to establish the necessary grounds to obtain the relief it sought. In fact, the UEF failed to meet any of the three *Bowling* requirements. The estate provided the UEF with a copy of the complaint; therefore, the UEF had a remedy other than CR 60.03 available—intervention prior to judgment. The UEF, despite having notice of the family court action, took no steps to intervene; therefore, the UEF created the situation for which it sought relief. Finally, the UEF did not assert fraud, accident, mistake, or any other recognized ground for equitable relief. Therefore, we hold that the family court properly denied the UEF"s motion for relief under CR 60.03.

## CONCLUSION

The family court had jurisdiction to determine paternity in this declaratory judgment action. The UEF would have been a proper party to the underlying action; however, it failed to intervene. Therefore, the UEF had no equitable grounds to bring an independent action under CR 60.03. For these reasons, we affirm the order of the Fayette Family Court.

ALL CONCUR.