RENDERED: MAY 3, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1133-MR

GREGORY BARNES; BARBARA
HITCHCOCK; BARBARA LAVIER;
BARBARA RAISOR; BEV SODAN;
BILL HITCHCOCK; BILL LAVIER;
BILLIE JEAN BRYAN; CAROL
JUBENVILLE; CAROL STROUD;
CYNTHIA WINCEK; DAVID RUPP;
DENNIS BRYAN; DIANA
PASSAMENTI; DONNA FRANCKE;
DONNA RIDINGS; DOUG
FRANCKE; HENRY SPALDING;
JOAN ECHSNER; KAY BARNES;
KEITH SODAN; KEN GEORGE; LOU
JANE RUPP; MARILYN BENNER;
MARTY HANKA; MARVIN HANKA;
MICHAEL PASSAMENTI; PEACHES
CLARK; PETE RAISOR; ROSIE
RAQUE; RUSS RAQUE; STEVE
WINCEK; TOM STROUD; AND
VIRGINIA SPALDING                                                    APPELLANTS


                          APPEAL FROM JEFFERSON CIRCUIT COURT
v.                        HONORABLE OLU A. STEVENS, JUDGE
                                  ACTION NO. 21-CI-004228


EMMA JEAN COX; ANTHA B.
MASON AS TRUSTEE OF THE
LANHAM LIVING TRUST; BETTY
LAYMAN; CHARLES L.

CUNNINGHAM; DELLA M. ROWE;
DENNIS K. CLEMONS; DOROTHY
KNOBLOCK; HANNE M.
SCHWENSEN AS BENEFICIARY OF
THE JOE E. LANE REVOCABLE
LIVING TRUST; JENNY E. WILCOX
AS TRUSTEE FOR THE JENNY E.
WILCOX REVOCABLE TRUST;
JESSICA MILLER; JOAN B. WEYER;
JOHN WHITTENBERG; LAURIE
DOYLE; LINDA GOODMAN;
MARCIA LARKIN; PATRICIA A.
ALFRED; PATRICIA HICKMAN;
PAULA A. ABRAMS; PAULINE
WHITTENBERG; PHILLIP B.
MASON AS TRUSTEE OF THE
LANHAM LIVING TRUST;
RAYMOND L. SPANN; RYAN J.
STONE; STEVEN P. VOGEL; AND
VILLAS AT DORSEY
CONDOMINIUMS COUNCIL, INC.                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND McNEILL, JUDGES.

McNEILL, JUDGE:  This appeal concerns a power struggle between residents of a

residential community, the Villas at Dorsey Condominiums.  On one side are the

owners of the development's larger units ("Appellants"), and on the other are

owners of its smaller units ("Appellees").  Appellants appeal the circuit court's

denial of their motion to intervene, following its grant of summary judgment in

-2-

favor of Appellees against the homeowners association ("HOA"). Finding no error, we affirm.

In 2021, Appellants approved an amendment to the HOA's governing document, lowering the HOA fees paid by Appellants and raising the fees paid by Appellees. At the time, a majority of the HOA's board was comprised of owners of the larger units, effectively giving Appellants control of the HOA. Appellees filed suit against the HOA in Jefferson Circuit Court, challenging the amendment.

In November 2021, both parties filed motions for summary judgment. Nothing further happened in the case until June 29, 2022, when the circuit court entered summary judgment in favor of Appellees. By this time, the HOA board's composition had changed. A week prior, the owners of the smaller units had gained a majority on the board and assumed control of the HOA.

Because of this transfer of power, the HOA declined to appeal the circuit court's ruling. Appellants hired counsel who began filing motions on behalf of the HOA. Instead of immediately moving to intervene, Appellants filed a motion to alter, amend, or vacate, and a motion to prevent the owners of the smaller units from serving on the HOA board and participating in board business. Over three weeks later, and thirty-three days after the circuit court entered summary judgment, Appellants filed a motion to intervene. The circuit court summarily denied all motions.

The sole issue on appeal is whether the circuit court erred in denying

Appellants' motion to intervene. "We review the denial of a motion to intervene as

a matter of right for clear error." *Hazel Enterprises, LLC v. Community Financial*

*Services Bank*, 382 S.W.3d 65, 67 (Ky. App. 2012) (citation omitted). However, a

court's determination regarding the timeliness of a motion to intervene is reviewed

for abuse of discretion. *Id.*

Appellants argue they were entitled to intervene under CR[1]

24.01(1)(b) which provides:

> Upon timely application anyone shall be permitted to
> intervene in an action . . . when the applicant claims an
> interest relating to the property or transaction which is
> the subject of the action and is so situated that the
> disposition of the action may as a practical matter impair
> or impede the applicant's ability to protect that
> interest . . . .

Appellees contend the motion to intervene was untimely. We agree.[2]

"[A] threshold requirement for intervention is that the motion be

timely." *Arnold v. Commonwealth ex rel. Chandler*, 62 S.W.3d 366, 368 (Ky.

2001). However, "[a] party wishing to intervene after final judgment has a 'special

---

[1] Kentucky Rules of Civil Procedure.

[2] Although it is unclear why the circuit court denied Appellants' motion to intervene, because it did so without explanation, "it is well-settled that an appellate court may affirm a lower court for any reason supported by the record." *McCloud v. Commonwealth*, 286 S.W.3d 780, 786 n.19 (Ky. 2009) (citing *Kentucky Farm Bureau Mut. Ins. Co. v. Gray,* 814 S.W.2d 928, 930 (Ky. App. 1991)).

burden' to justify the untimeliness." *Id.* at 369. "Although post-judgment intervention is not strictly forbidden, it is widely within the discretion of the circuit judge." *Id.*

As an initial matter, Appellants take issue with the circuit court's lack of findings concerning timeliness. However, CR 24.01 does not require an explicit finding on the record of untimeliness. *See Polis v. Unknown Heirs of Jessie C. Blair*, 487 S.W.3d 901, 907 (Ky. App. 2016). "Further, because the trial court's ruling on timeliness does not constitute a final judgment, the requirements under CR 52.01 to make factual and legal findings are not implicated." *Id.* Although it may be better practice to make explicit findings concerning a denial of a motion to intervene, the rules do not require such, and therefore, we find no error.

Turning to the merits of the appeal, Appellants claim their untimely intervention is justified. They argue their interests were adequately represented by the HOA and there was no need for them to intervene until the board composition changed and the new board would not permit the HOA to file an appeal. From that point, they have been proactive in preserving their rights, including obtaining new counsel and filing a motion to alter, amend, or vacate.

Appellees argue Appellants could have intervened at any time but chose to sit back and let the HOA shoulder the burden of litigation. They were aware of the lawsuit from the beginning, having majority control of the defendant

HOA.  They also knew their control of the HOA could change by the vote of the members.  Therefore, at the very latest, Appellants should have moved to intervene after they lost control of the board on June 23, 2022, knowing their interest no longer aligned with the HOA board majority.  Instead, they waited until thirty-three days after the judgment.  Appellees cite *Pearman v. Schlaak*, 575 S.W.2d 462 (Ky. 1978), as controlling.

In that case, the Pearmans sought to rezone their property in Indian Hills Subdivision so they could build an apartment house.  The city council denied their petition and the Pearmans filed suit.  The trial court reversed the city council's decision, and the city council did not appeal.  Nine days after the judgment, other subdivision residents moved to intervene for purposes of appeal.  The trial court denied the motion as untimely.

On discretionary review, the Supreme Court affirmed the trial court, finding the residents had not satisfied their special burden justifying untimeliness.  It noted the residents had notice of the proceedings and had shown no reason why they waited until after the trial court's judgment to intervene.  Instead, "[t]hey were content to sit under their own 'vine' and let the Radcliff City Council carry the burden."  *Pearman*, 575 S.W.2d at 463.  The Court indicated the failure of a party to file an appeal, in and of itself, is insufficient to justify an untimely motion to intervene:

> We do not conceive that CR 24.01 intends that if a party who is representing the interests of a nonparty adequately represents those interests, but judgment nevertheless goes against those interests, the party must appeal else the nonparty may intervene as a matter of right. If that were the rule, a nonparty could simply lie back and await the result of the action in circuit court and then, if not satisfied with the judgment, compel a retrial by the device of intervening after judgment.

*Id.* (citing *Murphy v. Lexington-Fayette County Airport Board*, 472 S.W.2d 688 (Ky. 1971)).

Appellants untimely intervention in this case is even less justified. From the beginning, they should have been aware their interests might not always align with the HOA, considering the shifting dynamics of the HOA board. Appellants knew that whoever controlled the HOA board controlled litigation decisions on behalf of the HOA: they had used their board majority to hire counsel and defend against Appellees' lawsuit initially. So, it was no far stretch that the HOA, now controlled by Appellees, might not appeal a decision favorable to Appellees.

Certainly, once Appellees gained control of the HOA board Appellants should have known the HOA no longer adequately represented their interests and should have moved to intervene. Instead, they waited until thirty-three days after judgment. Consistent with *Pearman*, Appellants have not satisfied

the special burden of justifying the untimeliness. The circuit court did not err in denying the motion to intervene.

Therefore, the Jefferson Circuit Court's order denying Appellants' motion to intervene is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANTS:

J. Gregory Joyner
Louisville, Kentucky

BRIEF FOR APPELLEE VILLAS AT DORSEY CONDOMINIUMS COUNCIL, INC.:

William A. Merrifield
Louisville, Kentucky

BRIEF FOR APPELLEES:

Robert W. DeWees, III
Greg J. Daly
Louisville, Kentucky