**MONTICELLO ELECTRIC PLANT BOARD,**
**Appellant,**

**v.**

**BOARD OF EDUCATION OF WAYNE**
**COUNTY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 14, 1958.

Rudy Yessin, Smith, Reed & Leary, Frankfort, for appellant.

John Hopkins, Harry McChesney, William Riley, Dept. of Revenue, Frankfort. for appellees.

CULLEN, Commissioner.

In an action in which Wayne County and the Board of Education of Wayne County were plaintiffs, and the Kentucky Tax Commission and the Monticello Electric Light Company were defendants, judgment was entered on January 15, 1957, ordering the tax commission to assess for taxation, as of January 1, 1954, the franchise of the light company. On February 14, 1957, the Monticello Electric Plant Board moved for leave to intervene, and moved that the judgment be vacated or modified in such a way as to relieve the plant board of any liability for the franchise tax. An order was entered overruling these motions, and the present appeal is by the plant board, from that order.

The interest of the plant board (an agency of the city) in the case arises from the fact that in 1953 the board contracted to purchase the properties of the light company, and in the contract it was agreed that the light company should pay only "its proportionate share" of taxes for the year 1954; the sale transaction was not consummated until January 20, 1954, so on the January 1, 1954, tax assessment date the light company still held legal title; the assessment ordered to be made by the judgment in this case is for a full year's taxes, and if the judgment stands the plant board will be required to reimburse the light company for all of the tax except so much as is apportionable to the first 20 days of the year. The plant board maintains that no tax at all should be assessed for 1954, or in any event the judgment should direct that a tax be assessed against the light company only for the 20-day period in 1954 during which the company held title, and the plant board should be relieved of any liability for 1954 tax.

There are several reasons why the plant board cannot prevail on this appeal.

In the first place, the board has not named the Kentucky Tax Commission as an appellee. The commission is the party whose action is sought to be controlled by the judgment, and it appears to us to be an essential party to the appeal.

In the second place, the board has not made a satisfactory showing of a right to intervene. Under CR 24.01, three grounds for intervention as a matter of right are set forth. The only one that could be applicable to the present situation is the second one, which is, "when the representation of the applicant's interest by existing parties is or may be inadequate, and the applicant is or may be bound by a judgment in the action." However, the plant board, in its motion to intervene, did

not assert inadequate representation. Furthermore, the rule requires "timely" application, and the board has offered no excuse for waiting until 30 days after judgment before moving to intervene. The board does assert that it did not receive formal notice of the action, but it does not claim that it did not have actual notice. While intervention after judgment may be permitted under some circumstances, Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505, we think that in making a motion for intervention after judgment the applicant has a special burden of justifying the apparent lack of timeliness.

In the third place, we are of the opinion that the board, even if permitted to intervene, would not be entitled to the relief sought. The light company was the owner of the properties on the assessment date of January 1, 1954 (which is also the lien date), and therefore the franchise was taxable against the company, notwithstanding the existence of the contract to sell. Jefferson Post No. 15, American Legion, Department of Kentucky v. City of Louisville, Ky., 280 S.W.2d 706. The fact that the company had a contract with the plant board by which the company would be reimbursed for most of the tax was of no concern of the taxing authorities, and furnished no basis for assessing less than the full tax against the company. The amount of tax for which the company is to be reimbursed by the plant board is simply a part of the purchase price for the properties.

City of Harlan v. Blair, 251 Ky. 51, 64 S.W.2d 434, which is relied upon by 'the appellant, is not applicable, because in that case the taxing authorities were seeking to proceed directly against the city, as purchaser of a private utility plant, and compel the sale of the plant to enforce the tax lien. The Blair case is not authority for the proposition, which the appellant in substance is asserting here, that the seller of the plant is not liable to the taxing authorities for the full amount of the tax.

The judgment is affirmed.