**DAIRYLAND INSURANCE COMPANY,**
Appellant,

v.

**Glenda Faye CLARK, Administratrix of the Estate of Dennis Clark, and Keith Franklin, Appellees.**

**DAIRYLAND INSURANCE COMPANY,**
Appellant,

v.

**Glenda Faye CLARK, Administratrix,**

Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1972.

David L. Van Zant, Van Zant & Coyle, Elizabethtown, for appellant.

Robert M. Spragens, Spragens, Avritt & Spragens, Lebanon, for appellees.

VANCE, Commissioner.

These consolidated appeals raise the question of the timeliness of a motion by an insurance company having a potential liability to its insured under the uninsured motorist coverage afforded by its policy to intervene for the purpose of presenting defenses to the claim of its insured in a litigation commenced by its insured against an uninsured motorist.

On July 18, 1969, the appellee, Glenda Faye Clark, Administratrix of the Estate of Dennis Clark, filed suit against Keith Franklin for damages resulting from an automobile collision in which Clark was killed. Franklin did not respond to the lawsuit and apparently he was an uninsured motorist. The appellant, Dairyland Insurance Company, hereinafter referred to as Dairyland, was Clark's insurer and its insurance policy provided uninsured-motorist coverage.

The appellee moved for a default judgment against Franklin and the trial court heard evidence for the purpose of assessment of damages on September 19, 1969. On October 3, 1969, before the entry of default judgment, Dairyland filed objections to the entry of default judgment together with a motion for leave to intervene in the action and tendered an intervening answer which set forth defenses to the appellee's claim.

On December 1, 1969, the motion to intervene was overruled for the reason that it was not timely filed. The court found that the untimeliness of the motion to intervene was not the result of excusable neglect and a default judgment for appellee was entered.

Dairyland appealed to this court from that judgment. During the pendency of the appeal the appellee instituted a separate action against Dairyland for recovery under the uninsured-motorist provisions contained in the policy. This litigation resulted in a summary judgment in favor of the appellee and Dairyland again appealed to this court. The two appeals have been consolidated for consideration.

Dairyland concedes the validity of the judgment against it in the event that the default judgment in favor of appellee against Franklin is affirmed. The question therefore is whether the court erred in refusing to permit Dairyland to intervene in the first action.

Timely application for intervention is required by CR 24.01. The right of Dairyland to intervene is not questioned by the parties.[1] The sole bone of contention is the timeliness of the application for intervention.

The proper application and utilization of the Civil Rules should be left largely to the supervision of the trial judge and we must respect his exercise of sound judicial discretion in their enforcement. Naive v. Jones, Ky., 353 S.W.2d 365 (1961). The motion to intervene and the intervening answer which was tendered sought to present defenses to a claim against a defendant who was already in default for failure to answer. The intervention, if permitted, would have allowed Dairyland to assert defenses to the claim when defendant himself would have been precluded from the assertion of similar defenses on his behalf by reason of his default.

Dairyland relies upon Stewart v. Burks, Ky., 384 S.W.2d 316 (1964), in which a motion to intervene was sustained though not made until the time of entry of judgment and upon Monticello Electric Plant Bd. v. Board of Education, Ky., 310 S.W.2d 272 (1958), in which it was recognized that in some instances intervention is authorized even after entry of judgment. Those cases are distinguishable. In both cases the exercise of discretion of the trial court was upheld by this court. In Stewart v. Burks, the intervener sought only to

---

1. As to the right of intervention see Barry v. Keith, Ky., 474 S.W.2d 876 (Decided December 17, 1971).

adopt and present a defense which had been timely made by another party. *Monticello Electric Plant Bd.* held that a motion for intervention after judgment places upon the applicant a special burden justifying the apparent lack of timeliness and the ruling of the trial court denying intervention was upheld. In the opinion this court noted that intervention after judgment may be permitted under some circumstances and cited Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505 (1944). *Wolpe* involved a situation in which parties were permitted to intervene after judgment for the purpose of taking an appeal when it appeared that their interest would be adversely affected by the failure of the losing parties to prosecute an appeal. Neither Stewart v. Burks nor *Monticello Electric Plant Bd.* sustains appellant's position.

Dairyland contends that its failure to intervene in timely fashion was caused by a breakdown of communications between counsel by reason of which Dairyland was misled to its detriment.

Dairyland had knowledge of the institution of the action against Franklin. Prior to the commencement of the action negotiations were undertaken between Dairyland and counsel for appellee for possible settlement of the claim. Before Franklin defaulted, an agreement was entered into between Dairyland and appellee which granted Dairyland an indefinite extension of time in which to file responsive pleadings subject to termination by a ten-day written notice. The letters which confirmed the extension of time were unclear as to whether the extension of time would terminate ten days from the mailing of the letter terminating the agreement or ten days from the receipt of that letter.[2]

On August 29, 1969, a letter was written to Dairyland by counsel for appellee terminating the extension of time. Eleven days later Dairyland retained counsel and thirty-five days later the motion to intervene was filed. Counsel for Dairyland filed an affidavit in which he stated he had a *definite impression* that counsel for appellee had granted him additional time within which to move to intervene. He does not contend however that there was an express agreement for any such extension nor does the affidavit set forth any precise statement or conduct of counsel for appellee which would compel a finding by the trial court that the late filing was excusable by reason of misleading conduct of counsel for appellee. The motives and conduct of counsel

---

2. The letters confirming the existence of the agreement read as follows:

Dairyland Insurance Company
P.O. Box 18771
Atlanta, Georgia 30326

ATTENTION: Mr. Claude Brown
Claims Department

Re: Your insured: Dennis R. Clark
Your file No. 15–5037

Dear Mr. Brown:

This is to confirm our telephone conversation of today wherein I agreed to permit you to postpone your filing of an answer on the above case until you receive a ten-day written notice from me to the contrary.

With kindest regards, I am

Yours very truly,
(s) James L. Avritt
James L. Avritt

JLA/el

Mr. James Avritt
Attorney at Law
Court Square
Lebanon, Kentucky 40033
RE: Claim No.: 15–5037
Your Client: Dennis R. Clark
Insured: Dennis R. Clark
D/Accident: 1–11–69

Dear Mr. Avritt:

This will confirm our telephone conversation of this date, at which time you agreed to provide us with an indefinite extension of the time to file responsive pleadings in the suit filed by Glenda Faye Clark, Administratrix of the Estate of Dennis R. Clark, subject to at least 10 days' notice in writing to this office.

As expressed, we will obtain medical reports and will be back in touch with you as quickly as possible.

Thank you for your cooperation.

Very truly yours,
Claude Brown
Claims Department

CB :dw

for appellee are not questioned by appellant but it claims there was a misunderstanding which has resulted to the detriment of appellant.

The unquestioned fact is that Dairyland took no action to retain an attorney until eleven days after the notice was mailed to Dairyland terminating the extension of time to file responsive pleadings. Dairyland attempts to justify this delay upon the ground that it was unclear whether the termination was effective ten days from the date of mailing the letter or ten days from the date of its receipt.

Not until thirty-five days after the letter terminating the agreement for extension of time was mailed did Dairyland move to intervene. At that time the appellee had already moved for default and the court had conducted a hearing for the assessment of damages. Under these circumstances we cannot say that the trial court clearly abused its discretionary powers in ruling that the motion to intervene was untimely. Cf. Murphy v. Lexington-Fayette County Airport Board, Ky., 472 S.W.2d 688 (1971).

The judgment is affirmed in each of the consolidated cases.

All concur.