**AMBASSADOR COLLEGE, Movant,**

v.

**J. H. COMBS, Martha Combs, his wife, Crit Patrick and Bonita Patrick, his wife, Respondents.**

Supreme Court of Kentucky.

May 25, 1982.

Rehearing Denied Aug. 24, 1982.

David LeMaster, Paintsville, for movant.

Jarvis Allen, Prestonsburg, for respondents.

STERNBERG, Justice.

Max Howard and Reva Howard, his wife, were childless. In 1963 they executed mutual wills in each of which it is provided, among other things, that upon the death of the one outliving the other, then all property of every kind and nature is bequeathed to Ambassador College, movant. Reva died in September, 1974, and Max died in October, 1974. Subsequent to Reva's death Max, by a will and deeds, conveyed the entire estate in a manner not in keeping with the terms and provisions of the 1963 mutual wills.

On November 7, 1974, the legal heirs of Max Howard filed a suit in the Magoffin Circuit Court to set aside the 1974 will and deeds on the grounds of undue influence and mental incapacity. The case was tried to the court without the intervention of a jury. On August 2, 1975, the court adjudged that Max was competent at all times during which the acts questioned herein were being performed and that the 1974 will and deeds were valid. On appeal the Kentucky Court of Appeals wrote:

"We reverse and remand this cause to the trial court for a determination on the issue of undue influence, with the additional suggestion. It appears to us that since the new trial judge will be required to make specific findings on the issue of undue influence and as that issue and the issue of mental capacity are so closely

related, the trial judge should be free if he so decides, to retry all or any part of the case, with or without a jury."

Upon a return of the case to the Magoffin Circuit Court various and sundry motions were made. An oral motion of counsel for the contestants to withdraw as such counsel was granted on June 19, 1980, and the contestants were given thirty days to obtain other counsel. On July 19, 1980, Ambassador College filed a written motion to intervene and to file the intervening complaint accompanying the motion. The intervening complaint sets forth the entitlement of Ambassador College to the estate of Max Howard pursuant to the terms, conditions, and provisions of the 1963 will. Further, it challenged the validity of the 1974 will and deeds. On July 25, 1980, counsel for the proponents of the 1974 will made objection to the filing of the intervening complaint, and on July 28, 1980, moved the trial court to dismiss the action since the contestants had not complied with the order of the court by securing counsel within thirty days from June 19, 1980. On July 28, 1980, the trial court dismissed the action and reinstated its findings of fact, conclusions of law, and judgment of August 2, 1975. (This is the judgment that was reversed by the Court of Appeals.) On August 21, 1980, the trial court entered an order denying Ambassador College's motion to intervene in the following language: "Ambassador College by counsel having moved the court to be permitted to intervene in this action and the court being advised overrules said motions of Ambassador College."

On appeal the Kentucky Court of Appeals affirmed the action of the Magoffin Circuit Court. This court granted review on December 8, 1981. We reverse.

The issue submitted on this appeal is whether the trial court erred in denying Ambassador College the right to intervene so as to adjudicate the issues raised in its tendered intervening complaint.

■ First of all we recognize that "It is well established that persons who are beneficiaries in a prior will have such an interest as entitles them to contest another alleged will of the same testator which would reduce their share in his estate." *Wells v. Salyer*, Ky., 452 S.W.2d 392, 394 (1970). The question of intervention is dealt with as a matter of right (CR 24.01) and as permissive intervention (CR 24.02). So much of CR 24.01 and 24.02 as is applicable to the instant action provides as follows:

"Rule 24.01. Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action ... (b) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

"Rule 24.02. Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (b) when an applicant's claim or defense and the main action have a question of law or fact in common...."

It is clearly shown, both under CR 24.01 and 24.02, that timeliness in attempting to intervene is required.

The intervening complaint sets forth two issues. First, it adopted numerical paragraphs 2, 3, and 4 of the original complaint filed herein by the legal heirs (the issue of mental capacity and undue influence). Secondly, movant alleged "That the only true, proper and correct 'Last Will and Testament' of Max Howard was that certain last will and testament he executed on August 20, 1963, as a result of which, because Reva Howard predeceased Max Howard, this Intervening Plaintiff, Ambassador College, became the sole devisee and beneficiary of said will." The issue as to the mental capacity of Max Howard and undue influence exerted on him had been litigated without Ambassador College being a party to the action. The second issue alleged in the intervening complaint, by the refusal of the trial court to permit the intervening complaint to be filed, has not been considered, litigated, or adjudicated by the trial

court. Irrespective of whether intervention is claimed as a matter of right or as a matter of permission, the thread of life in either event is timeliness of the application to intervene.

In considering the issue of undue influence, the Court of Appeals wrote:

" . . . There was substantial evidence of undue influence on Max Howard in the preparation of his will and the four (4) deeds that would have required the trial court to submit same to a jury, if there had been a jury trial. We are of the opinion that the appellants are no less entitled to an answer from the trial court, sitting without a jury, to their allegation of undue influence in this complaint."

Upon the return of the original action to the trial court, pursuant to the decision of the Kentucky Court of Appeals, counsel for those parties designated as heirs of Max L. Howard was permitted by the trial court to withdraw as their counsel. In permitting such withdrawal, the court said by order dated June 19, 1980: "The Plaintiffs are given thirty (30) (days) from the date of this Order to obtain other Counsel." Furthermore, on July 23, 1980, the trial court ordered that " . . . Intervenor, Ambassador College, will re-serve its Intervening Complaint and Motion for Leave to File Intervening Complaint on the Plaintiffs herein."

█ Timeliness is a question of fact, the determination of which should usually be left to the judge. *Dairyland Insurance Company v. Clark*, Ky., 476 S.W.2d 202 (1972). In the subject action, however, the trial judge made no finding of timeliness on Ambassador College's motion to intervene. Acting timely movant has a right to intervene when it claims an interest relating to property which is the subject of the primary action and when the disposition of the action may impede its ability to protect that interest. Also, Ambassador College may intervene when, acting timely, its claim and the main action have a question of law or fact in common. In both of these instances Ambassador College comes within the terms of CR 24.01 and CR 24.02. Four tracts of land owned by Max Howard were conveyed by deeds and other property, both real and personal, was disposed of by his 1974 will, to all of which Ambassador College claims ownership by reason of Max Howard's 1963 will. This issue of priority of wills was never disposed of by the trial judge, and still to this day it remains an undetermined issue.

The claim of movant to ownership of these properties, as pled in the intervening complaint, rests upon a question of law and a question of fact in common with the issue of mental capacity and undue influence raised in the original action in which movant seeks to intervene.

█ The record reflects (1) that no challenge has been made to the validity of Max Howard's 1963 will; (2) that the residual clause of the will of Max Howard is mutual with and identical to the residual clause of the will of his deceased wife Reva; (3) that the Court of Appeals remanded the original action to the trial court for a trial on the issue of undue influence; (4) that such trial was never held; (5) that the trial judge, without notice to the individual plaintiffs therein, since they had no counsel of record, dismissed the action; (6) that the respondents will not be prejudiced by permitting the intervening complaint to be filed; and (7) that in permitting the intervening complaint to be filed and a trial had on the issues therein raised would only be carrying out the mandate of the Court of Appeals of Kentucky for a retrial on the issue of undue influence and also possibly mental capacity. We reiterate that the Kentucky Court of Appeals remanded the original action to the trial court for a retrial and such trial has not been held. One of the factors to be considered in determining whether to permit an intervention is the question of prejudice. Would the respondents be prejudiced? We think not. Another factor which this court has considered salient is whether the motion to intervene was made prior or subsequent to a judgment establishing the rights of the parties. The trial court has not retried the case as ordered by the Court of Appeals; consequently, there is no judgment as a result of the retrial. Further-

more, the order and judgment entered by the court due to the failure of the heirs of Max Howard to engage the services of another attorney was entered on July 28, 1980, nine days after the motion of Ambassador College for leave to intervene was filed.

It is the opinion of this court that the trial court erred in not permitting the intervening complaint of Ambassador College to be filed.

No issue other than the one stated herein was presented to this court in movant's motion for review, nor were any of the other issues presented either to the Court of Appeals or to the trial court for disposition. Accordingly, they are not properly before this court.

The decision of the Court of Appeals of Kentucky is reversed, and this action is remanded to the Magoffin Circuit Court for proceedings consistent with this opinion.

All concur except CLAYTON, J., who did not sit.