Judy ARNOLD, et al., Appellants,

v.

COMMONWEALTH of Kentucky, ex rel., Attorney General, Albert CHANDLER III, Appellee/Plaintiff/Intervening Defendant,

v.

Phillip Morris, Inc., et al.,
Appellees/Defendants.

No. 2001–SC–0288–TG.

Supreme Court of Kentucky.

Dec. 20, 2001.

Mike Breen, Mike Breen Attorneys at Law, PSC, Casey Alan Hixson, Bratcher & Hixson LLP, Bowling Green, Counsel for Appellants.

William E. Johnson, Guthrie J. True, Richard M. Guarnieri, Johnson, Judy, True & Guarnieri, LLP, Frankfort, Counsel for Amicus Curiae, Linda Collins and Donna Ball.

Albert B. Chandler III, Attorney General of Kentucky, Scott White, Assistant Deputy Attorney General, D. Brent Irvin, Special Assistant Attorney General, Aileen Rose, Office of the Attorney General, Frankfort, Counsel for Appellee, Attorney General Albert Chandler III; Dennis Boyd, Commissioner of Dept. of Medicaid; Commonwealth, Cabinet for Health Services, Dept. of Medicaid Services; Jimmy D. Helton, Secretary of Cabinet for Health

Services; and John P. McCarty, Secretary of the Kentucky Finance.

Charles S. Cassis, Kenneth J. Tuggle, Brown, Todd & Heyburn, Ian T. Ramsey, Frost Todd & Todd LLC, Louisville, Counsel for Appellees, Brown & Williamson, Etc. and R.J. Reynolds Tobacco Co.

Daryl William Durham, Melissa R. Metzger, Weber & Rose, PSC, Louisville, Counsel for Appellees, Ligett Group, Inc.

Edward H. Stopher, Richard V. Evans, Boehl, Stopher & Graves, Louisville, Counsel for Appellee, Lorillard Tobacco Company.

William D. Grubbs, David T. Schaefer, Woodward, Hobson & Fulton, LLP, Louisville, Counsel for Appellee, Phillip Morris, Inc.

John S. Reed, II, Ridley M. Sandridge, Jr., Reed, Weitkamp, Schell, Cox & Vice, Louisville, Counsel for Appellee, United States Tobacco Co.

LAMBERT, Chief Justice.

Sixteen months after entry of a final judgment reflecting settlement of litigation brought by the Commonwealth against a number of tobacco companies, Appellants moved to intervene for the purpose of asserting claims to the settlement proceeds. The trial court denied intervention as untimely and Appellants appealed. The issue before this Court is whether the trial court abused its discretion in denying intervention.

To resolve threatened litigation, forty-six states, six other jurisdictions and several tobacco companies entered into a Master Settlement Agreement, (MSA). An element of the agreement provided that the Commonwealth of Kentucky would receive $3.45 billion over a period of twenty-five years. By the terms of the agreement, the Commonwealth of Kentucky was required to file suit naming

Phillip Morris, Inc., Brown & Williamson Tobacco Corp. (individually and as successor by merger to The American Tobacco Company), Lorillard Tobacco Company, R.J. Reynolds Tobacco Co., Liggett Group, Inc., and United States Tobacco Company, (Tobacco Companies), as defendants. The lawsuit was filed in the Franklin Circuit Court and was dismissed by agreement with prejudice three days later. The Circuit Court entered a Consent Decree and Final Judgment approving the M.S.A. and retaining jurisdiction over the case to ensure compliance.

Sixteen months after dismissal of the lawsuit, but before the effective date of the act of the General Assembly distributing the anticipated settlement proceeds, Appellants, claiming to be representatives of a group of persons suffering from tobacco related illnesses and claiming to be recipients of Medicaid benefits, filed a Motion to Intervene in the litigation. In their tendered intervening complaint, Appellants argued that the Commonwealth had already been reimbursed under the Medicaid program for Appellants' smoking related illnesses and that Appellants should receive any sums paid by the Tobacco Companies in excess of actual Medicaid costs incurred by the Commonwealth. The Complaint also alleged due process violations and taking without just compensation claims. The trial court denied the motion to intervene holding that it was untimely and that it failed to satisfy the requirements of CR 24.01[1] or CR 24.02.[2]

The court further held that even if the requirements for intervention were met, sovereign immunity would bar the claims. Appellants appealed to the Court of Appeals and this Court granted transfer. CR 74.02.

## I. TIMELINESS OF MOTION TO INTERVENE

■ Appellants claim they should have been permitted to intervene in the suit between the Commonwealth and the Tobacco Companies since their rights would be affected by the settlement. They argue that they have met all requirements of CR 24.01 and CR 24.02 and that the trial court erred in denying their motion.

■ Pursuant to both provisions of CR 24, a threshold requirement for intervention is that the motion be timely. Appellants argue that their Motion to Intervene was timely, though they did not file the motion until long after the Consent Decree and Final Judgment became final. They claim they were not given notice of the suit filed by the Commonwealth and note that the case was dismissed only three days after it was commenced. Appellants further argue that their motion was timely because there is no definite time after which a motion to intervene is considered untimely. They reject the idea that the media coverage of the lawsuit and settlement is the type of notice permitted by due process, even though the complaint and the M.S.A. were made public before

---

**1.** CR 24.01 provides:

(1) Upon timely application anyone shall be permitted to intervene in an action (a) when a statute confers an unconditional right to intervene, or (b) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to

protect that interest, unless that interest is adequately represented by existing parties.

**2.** CR 24.02 provides in part:

Upon timely application anyone may be permitted to intervene in an action: (a) when a statute confers a conditional right to intervene or (b) when an applicant's claim or defense and the main action have a question of law or fact in common.

they were filed. Therefore, according to Appellants, they had no notice comporting with due process of the litigation.

Appellants also claim that their cause of action did not accrue until after the Commonwealth determined its disbursement plan. Not until then, they argue, did they know they were left out of the disbursement of settlement funds. Appellants claim their motion was timely because it was filed before the disbursement bill was signed by the Governor.

The Supreme Court of Arizona addressed the issue presented here in *State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*,[3] the Arizona tobacco settlement case. The motion to intervene was denied as untimely. There, the intervenors were counties fearing that they would not get any of the settlement monies or be able to sue the tobacco companies. The lawsuit lasted two and a half years. Fifteen days after the judgment was final, the intervenors filed their motion. The Court held this to be untimely and prejudicial to both plaintiffs and defendants in the case. It was untimely because the counties did not seek to intervene until fifteen days after the final judgment. Moreover, the court held that the counties had received a copy of the M.S.A. twenty-eight days before they filed their motion. The counties should have been aware during the litigation that their interests were not adequately represented and the state would be prejudiced because it would not receive payment until all appeals were final, possibly creating a substantial delay in the receipt of settlement monies. The tobacco companies would be prejudiced because they would be kept in the lawsuit until the state and intervenors settled their dispute. The Court held that the intervenor counties should have been aware prior to the signing of the M.S.A. that the state was potentially not representing the counties' interests. Their claim was foreclosed.

A party wishing to intervene after final judgment has a "special burden" to justify the untimeliness.[4] "The rule requires 'timely' application, and the board has offered no excuse for waiting until 30 days after judgment before moving to intervene."[5] While the rule does not forbid post judgment intervention, it is broadly within the discretion of the trial judge whether to allow a party to intervene at that stage.[6] In the case at bar, the trial court conducted a hearing and concluded that the motion to intervene should be denied as untimely. There is no hint of abuse of discretion. Appellants have failed to satisfy their special burden or offer any sufficient explanation for waiting so long to seek participation in the case. It is difficult to overlook that significant media coverage occurred prior to and following the settlement. The terms were widely known and parties who believed themselves to be prejudiced thereby were under a duty to make timely application for relief. Accordingly, we affirm the trial court's order of June 12, 2000 whereby it denied Appellants' motion to intervene.

## II. PRESERVATION OF CLAIMS

We are not unconcerned by Appellants' contention that the effect of the settlement forecloses their individual claims for injuries and damages. They ague that the Commonwealth would not have a cause of action against the Tobacco Companies

---

3. 196 Ariz. 382, 998 P.2d 1055 (2000).

4. *Monticello Electric Plant Bd. v. Board of Education*, Ky., 310 S.W.2d 272 (1958).

5. *Id.* at 274.

6. *Id.* and *Dairyland Ins. Co. v. Clark*, Ky., 476 S.W.2d 202 (1972).

**370**

but for them because it was they who were injured and it was for their medical expenses that the Commonwealth sought reimbursement.

The M.S.A. states:

'Releasing Parties' means each Settling State and any of its past, present and future agents, officials acting in their official capacities, legal representatives, agencies, departments, commissions and divisions; and also means, to the full extent of the power of the signatories hereto to release past, present and future claims, the following: (1) any Settling State's subdivisions (political or otherwise, including but not limited to, municipalities, counties, parishes, villages, unincorporated districts and hospital districts), public entities, public instrumentalities and public educational institutions; and (2) persons or entities acting in a parens patriae, sovereign, quasi-sovereign, private attorney general, qui tam, taxpayer, or any other capacity, *whether or not any of them participate in this settlement*, (A) to the extent that any such person or entity is seeking relief on behalf of or generally applicable to the general public in such Settling State or the people of the State, *as opposed solely to private or individual relief for separate and distinct injuries*, or (B) to the extent that any such entity (as opposed to an individual) is seeking recovery of health-care expenses (other than premium or capitation payments for the benefit of present or retired state employees) paid or reimbursed, directly or indirectly, by a Settling State.[7]

The emphasized language expressly preserves individuals' rights to sue the Tobacco Companies for individual harms inflicted. At oral argument, counsel for the Tobacco Companies judicially admitted[8] that these claims were preserved. As such, the Commonwealth released only its claims against the Tobacco Companies, but not those of Appellants and those similarly situated.

For the foregoing reasons, the judgment of the Franklin Circuit Court is affirmed.

COOPER, GRAVES, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

---

7. Master Settlement Agreement, pp. 14–15, (emphasis added).

8. *See Sutherland v. Davis*, Ky., 286 Ky. 743, 151 S.W.2d 1021 (1941).