**HAZEL ENTERPRISES, LLC, Appellant,**

v.

**COMMUNITY FINANCIAL SERVICES BANK; William D. Turner; and Maria M. Turner, Appellees.**

No. 2011–CA–002060–MR.

Court of Appeals of Kentucky.

July 27, 2012.

Rehearing Denied Oct. 8, 2012.

Brian T. Reed, Berea, KY, for appellant.

Martin W. Johnson, Kip C. Mathis, Benton, KY, for appellee.

Before DIXON, MOORE, and THOMPSON, Judges.

*OPINION*

MOORE, Judge:

Hazel Enterprises, LLC appeals the order of the Calloway Circuit Court denying its motion to intervene. After a careful review of the record, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a foreclosure action in which the Calloway Circuit Court entered a default judgment and order of sale on behalf of Community Financial Services Bank on a parcel of real property owned by William D. Turner and Maria M. Turner. Both Community Bank and the Calloway County Master Commissioner claimed that, at the commencement of the foreclosure action, Community Bank filed a *lis pendens* in the Calloway County Clerk's office giving notice of the action. The property was sold to a third party via Master Commissioner's Sale on August 4, 2011, and the order confirming the sale and distribution of proceeds was entered on August 22, 2011.

On August 23, 2011, Hazel Enterprises purchased the 2010 certificate of delinquency[1] on the subject property and, on

---

1. Kentucky Revised Statute (KRS) 134.010 defines a certificate of delinquency as "a tax claim on real property for taxes that: (a) Remains unpaid on April 15 under the regular collection schedule, or three (3) full months and fifteen (15) days from the date the

August 29, 2011, filed a notice of certificate of delinquency.

Thereafter, the Master Commissioner tendered a check for the 2010 delinquent tax bill to the Calloway County Clerk,[2] who returned the check and informed the Master Commissioner that Hazel Enterprises had purchased the certificate of delinquency. It was only after the Master Commissioner contacted Hazel regarding the tax bill that Hazel provided the Master Commissioner with payoff information. Although Hazel purchased the certificate of delinquency for $588.84 on August 23, 2011, its payoff request dated September 7, 2011 was for $1050.62, in which Hazel claimed interest, attorney fees, and administrative fees pursuant to KRS 134.452.

Consequently, on September 14, 2011, the Master Commissioner filed a motion requesting the circuit court to set aside the sale of the certificate of delinquency and to refund the purchase price of the tax bill to Hazel. On September 21, 2011, Hazel filed a motion pursuant to CR[3] 24.01 and CR 24.02 to intervene to protect its interest with respect to the amount it sought to collect in excess of the purchase price for the certificate of delinquency. Hazel argued that its interest could not otherwise be protected unless it was allowed to intervene, or, alternatively, that the action concerned common questions of law and fact permitting intervention. Hazel further asserted that its intervention would not un-

duly delay the action or prejudice the original parties. The circuit court concluded that Hazel should have been apprised of the pending foreclosure action. Accordingly, the circuit court denied Hazel's motion to intervene; granted the Master Commissioner's motion to set aside the sale of the certificate of delinquency; refunded the purchase price of the certificate of delinquency to Hazel; and returned all parties to the status quo as of the date of its order and judgment confirming the sale and order of distribution.[4] Hazel now appeals.

## II. STANDARD OF REVIEW

We review the denial of a motion to intervene as a matter of right for clear error. *Carter v. Smith*, 170 S.W.3d 402, 409 (Ky.App.2004). However, a court's evaluation of the timeliness of a motion to intervene is reviewed under an abuse of discretion standard. *Id.* at 408.

## III. ANALYSIS

The sole issue on appeal is whether the circuit court erred when it denied Hazel's motion to intervene as a matter of right. Intervention as a matter of right is permitted:

> Upon **timely** application ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the

taxes were due under an alternative collection schedule as determined under KRS 134.015; and (b) Has been filed with the county clerk pursuant to KRS 134.122[.]"

2. Calloway County was never joined as a party to this action as there were no delinquent taxes on the subject property at the onset of this action. Although the foreclosure complaint sought sale of the property subject to the 2010 tax bill, which was not yet due at the filing of the foreclosure action, the circuit court ordered that the 2010 delinquent taxes

be paid from the proceeds of the foreclosure sale.

3. Kentucky Rule of Civil Procedure.

4. As mentioned previously, Calloway County was never named as a party to this action. Furthermore, Hazel does not appeal the circuit court's order invalidating the sale of the certificate of delinquency or its order requiring that the Calloway County Clerk refund the purchase price of the certificate of delinquency.

applicant's ability to protect that interest. . . .

CR 24.01(1)(b) (emphasis added). Thus, intervention is only permitted upon a timely motion. *Id.; see Carter,* 170 S.W.3d at 407–09.

█ A court may consider the following factors to determine whether a motion to intervene was timely: " '(1) [T]he point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.' " *Carter,* 170 S.W.3d at 408 (quoting *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir.1989)).

█ Although post-judgment intervention is not strictly forbidden, it is widely within the discretion of the circuit judge. *Arnold v. Commonwealth,* 62 S.W.3d 366, 369 (Ky.2001). Timeliness is a question of fact, which generally should be left to the circuit court. *Ambassador College v. Combs,* 636 S.W.2d 305, 307 (Ky.1982) (citing *Dairyland Ins. Co. v. Clark,* 476 S.W.2d 202, 203 (Ky.1972)). A "party wishing to intervene after final judgment has a 'special burden' to justify the untimeliness." *Arnold,* 62 S.W.3d at 369 (quoting *Monticello Electric Plant Bd. v. Board of Educ. of Wayne County,* 310 S.W.2d 272, 274 (Ky.1958)).

In the case *sub judice,* Hazel did not acquire any rights with respect to the certificate of delinquency until the final confirmation of sale and order of distribution had been entered. Although it is not a part of the record on appeal, the Calloway Master Commissioner and Community Bank assert that a *lis pendens* was filed with the Calloway County Clerk apprising all parties of a pending foreclosure action, which suggests that Hazel should have been aware that the action was pending. The circuit court also observed that a simple inspection of the county records would have revealed the pendency of this action.

Hazel in no way attempts to refute the Master Commissioner's assertions that it was put on notice of a pending action, or the circuit court's belief that it purchased the certificate of delinquency in an attempt to "buy into [the] lawsuit." Moreover, Hazel made no attempt to intervene in this action after the purchase of the certificate of delinquency until after the Master Commissioner sought to set aside the sale of the tax bill. Certainly, Hazel's alleged entitlement to additional fees pursuant to KRS 134 existed prior to the Master Commissioner's motion and is evident from its attempt to collect an amount in excess of the amount set forth in the final distribution on September 7, 2011. The circuit court believed that Hazel was attempting to capitalize by collecting—and almost doubling its investment in less than a month's time—on an already final judgment.

Moreover, re-opening the litigation to account for Hazel's late acquired interests clearly would have prejudiced the parties where the circuit court had already made a final determination with respect to the rights of all parties involved. Given that timeliness is a factual issue generally left to the discretion of the trial court and under the facts of this case, we find no abuse of discretion.

Accordingly, we affirm.

ALL CONCUR.