RENDERED:  DECEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1209-MR

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH & FAMILY
SERVICES                                                            APPELLANT

APPEAL FROM LIVINGSTON CIRCUIT COURT
v.        HONORABLE C.A. WOODALL, III, JUDGE
ACTION NO. 21-CI-00052

RENEE GILL AND MARY L.
BRASHER                                                              APPELLEES

OPINION
VACATING AND
REMANDING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND GOODWINE, JUDGES.

COMBS, JUDGE:  The Appellant, Commonwealth of Kentucky, Cabinet for

Health and Family Services (CHFS or the Cabinet), appeals from the denial of its

motion to intervene as a matter of right under CR[1] 24.01. After our review, we vacate and remand.

As a preliminary matter, we note that on April 20, 2022, the Appellee, Renee Gill, filed a motion to dismiss this appeal on grounds the case was rendered moot by events which occurred after the Cabinet filed its notice of appeal. This Court denied the motion to dismiss and ordered "that the issues on appeal SHALL BE LIMITED to the circuit court's denial of Appellant's motion to intervene as a matter of right under CR 24.01." Thus, the scope of our review is narrowly circumscribed according to this directive.

On May 17, 2021, Renee Gill (Gill), by her counsel, Joe H. Kimmel, III, the Kimmel Law Firm, filed a complaint for declaratory judgment against her mother, Mary L. Brasher (Brasher). Gill alleged that Brasher held an ownership interest in certain real and personal property. Gill further alleged that she had maintained said property and had "expended monies over ten (10) years to not only manage, maintain, upkeep and repair the property, but to also provide for her [Brasher's] personal care." Gill requested that the court "enter a Judgment vesting the foresaid property relinquishing any and all interest of Mary L. Brasher in the name of Renee Gill."

---

[1] Kentucky Rules of Civil Procedure.

Accompanying her complaint is a waiver signed by Gill on her mother's behalf as power of attorney, acknowledging receipt of the complaint and waiving formal notice and service of process. The general power of attorney of Mary Lucille Brasher attached as Exhibit "C" to Gill's complaint reflects that it was prepared by Joe H. Kimmel, III, the Kimmel Law Firm. Mr. Kimmel represented both Ms. Gill and her mother, Ms. Brasher.

On June 4, 2021, the Cabinet for Health and Family Services filed a motion to intervene pursuant to CR 24.01(1). The Cabinet explained that it is the executive branch agency of the Commonwealth vested with the authority to administer the Kentucky Medicaid Program in accordance with Title XIX of the Social Security Act, 42 U.S.C.[2] § 1396, *et seq*., and KRS[3] Chapter 205. The motion to intervene recites that Brasher is a Medicaid recipient.[4] The Cabinet asserted that "[u]pon review of the Complaint . . . it appears . . . Gill is attempting to assist [Brasher] by divesting her of any and all assets that may be used to determine [Brasher's] Medicaid eligibility." The Cabinet maintained that it had an interest in the subject of the action due to its "legal and statutory responsibility in

---

[2] United States Code.

[3] Kentucky Revised Statutes.

[4] That terminology appears to be a clerical error. In its May 2, 2022, response to Gill's motion to dismiss this appeal, the Cabinet stated that Brasher was a Medicaid *applicant* when Gill filed the complaint for declaratory judgment in circuit court.

administering the Medicaid program and its duty to prevent any associated fraud, . . . [noting that it] must intervene in this case to protect that interest."

On June 11, 2021, Gill filed a response in opposition to the Cabinet's motion to intervene and argued that the motion should be denied because no party to the action had been approved to receive any Medicaid benefits. Thus, she contended that the Cabinet lacked "a present, substantial, legally-cognizable interest and legal standing to intervene here." Gill claimed that the Cabinet's interest in any Medicaid eligibility determination for Brasher would only concern "transfers of resources" under 907 KAR[5] 20:030 and that a lawsuit between two parties cannot be reasonably be characterized as the sort of "transfer of resources" contemplated by the regulation. She stated that "while it is possible that Medicaid would eventually have an interest in _estate_ recovery under 907 KAR 1:585, the Defendant in this matter, Mary L. Brasher, is still very much alive . . . ." (emphasis original).

On June 18, 2021, Gill filed a motion for default judgment against Brasher.

By Order entered on June 24, 2021, the circuit court denied the Cabinet's motion to intervene as follows:

> Arguments of counsel were heard on June 16, 2021 . . . .

---

[5] Kentucky Administrative Regulations.

-4-

Also pending was [Gill's] Motion for Default Judgment to which the Cabinet filed its "Presumptive Response" objecting.

The Cabinet moves to intervene pursuant to CR 24.01, intervention of right. That rule states in pertinent part:

> (1) Upon timely application anyone shall be permitted to intervene in an action (a) when a statute confers an unconditional right to intervene, or (b) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties.

Movant believes that since it is the executive branch agency charged with administering the Medicaid Assistance Program, with the concomitant "duty to prevent associated fraud" it should be entitled to intervene as a matter of right.

Movant does not point to any statute conferring an unconditional right to intervene, so subparagraph (a) is not applicable.

The Cabinet must then claim under (b) that i[t] has an interest relating to the property or transaction which is the subject of this action so that the disposition of the action may impair or impede the applicant's ability to protect that interest.

The circuit court noted *Baker v. Webb*, 127 S.W.3d 622, 624 (Ky. 2004), in which our Supreme Court stated that "[i]n order to intervene, the party's

interest relating to the transaction must be a 'present substantial interest in the subject matter of the lawsuit,' rather than an expectancy or contingent interest." The circuit court further explained:

> While it is true that KRS 205.8453[6] gives the Cabinet the responsibility to, among other things, "control recipient and provider fraud and abuse" nothing in that statute nor in anything cited by Movant gives the Cabinet a present substantial interest **in the subject matter of this lawsuit which has to do with transfer of property** from husband and wife to a third party.[7]
>
> While the Cabinet (and this Court) may not like the idea of "asset shifting" to obtain Medicaid and the Cabinet may think that "it looks like Medicaid fraud" that

---

[6] KRS 205.8453 provides as follows:

It shall be the responsibility of the Cabinet for Health and Family Services and the Department for Medicaid Services to control recipient and provider fraud and abuse by:

(1) Informing recipients and providers as to the proper utilization of medical services and methods of cost containment;

(2) Establishing appropriate checks and audits within the Medicaid Management Information System to detect possible instances of fraud and abuse;

(3) Sharing information and reports with other departments within the Cabinet for Health and Family Services, the Office of the Attorney General, and any other agencies that are responsible for recipient or provider utilization review; and

(4) Instituting other measures necessary or useful in controlling fraud and abuse.

[7] The reference to husband and wife and third-party appears to be erroneous as the parties to the lawsuit at issue are mother and daughter.

-6-

> still does not convey a right to intervene in litigation between private parties. As pointed out by Plaintiff, the Cabinet's responsibility is in assessing income and collecting assets from estates. There has been no specific allegation of fraud made by Movant. . . . While the interlocking representation by counsel for parties is a concern, it is not necessarily grounds for disqualification, even assuming the arguments of Movant as being true.
>
> . . . .
>
> The Court cannot find or conclude that Movant meets the test for intervention of right under CR 24.01.

(Emphasis added.)

On June 24, 2021, the same day that it denied the Cabinet's motion to intervene, the circuit court also entered an order granting Gill's motion for default judgment. The court entered judgment in Gill's favor on all claims alleged in the complaint **and** ordered Brasher to pay Gill attorney's fees and costs in the amount of $1,000.00. The court awarded Gill the real property at issue and ordered Brasher to turn over to Gill her ownership interest in that property. The court also ordered Brasher to turn over her interest in a checking account, three certificates of deposit, a Met Life account, and various EE bonds to Gill.

On July 6, 2021, the Cabinet filed a motion to alter, amend, or vacate pursuant to CR 59.05, asserting as follows:

> As suspected on June 28, 2021, the Kimmel Law Firm, acting on behalf of its client Mary Brasher, submitted the Default Judgment to the Cabinet as part of Ms. Brasher's Medicaid application. . . . The Cabinet

-7-

believes this action proves Ms. Brasher, her counsel, and the Plaintiff have colluded to commit Medicaid fraud on this Court and the Cabinet. In light of this development the Cabinet requests this Court to vacate the June 24, 2021 Order denying its Motion to Intervene, and the Default Judgment.

On August 10, 2021, Gill filed a response in opposition to the Cabinet's motion to alter, amend, or vacate. On September 7, 2021, the Cabinet filed a reply. By order entered September 22, 2021, the circuit court denied the Cabinet's motion to alter, amend, or vacate.

On October 11, 2021, the Cabinet filed a notice of appeal to this Court. On March 8, 2022, the Cabinet filed its Appellant's brief.

On April 20, 2022, Gill filed a motion to dismiss the appeal. Gill contended that since the Cabinet had filed its appeal, "a confluence of events" had rendered it moot: that in November 2021, the Cabinet had approved Brasher for Medicaid coverage retroactively to July 2021; and that on December 29, 2021, Brasher had passed away.[8]

On May 2, 2022, the Cabinet filed a response. The Cabinet argued that Brasher's death did not render the case moot -- but that it only added another

---

[8] On October 25, 2022, the Cabinet filed a motion to substitute Renee Gill and Linda Sue Morphew, Executrixes of the Estate of Mary Lucille Brasher, as parties pursuant to CR 76.24(a), timely reviving the appeal.

-8-

layer of questions that would have to be decided by the circuit court in the event this Court determines that the circuit court erred in denying its motion to intervene.

By order entered on June 26, 2022, this Court denied Gill's motion to dismiss the appeal as moot:

> IT IS HEREBY ORDERED that Appellee's motion to dismiss is DENIED. *See Ashland Public Library v. Scott*, 610 S.W.895, 896 (Ky. 1981) (An order denying a motion for leave to intervene as a matter of right under CR 24.01 "should be regarded as an appealable final order[.]").
>
> IT IS FURTHER ORDERED . . . that the issues on appeal SHALL BE LIMITED to the circuit court's denial of Appellant's motion to intervene as a matter of right under CR 24.01.

On July 18, 2022, a "BRIEF OF APPELLEES" was filed by Attorney Kimmel as counsel for Appellees.

The sole issue that the Cabinet raises on appeal -- and the sole issue properly before us -- is whether the circuit court erred in denying its motion to intervene. To recapitulate, CR 24.01 provides for intervention as a matter of right in two circumstances:

> (1) Upon timely application anyone shall be permitted to intervene in an action (a) when a statute confers an unconditional right to intervene, or (b) **when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's**

-9-

**ability to protect that interest, unless that interest is adequately represented by existing parties**.

(Emphasis added.) "We review the denial of a motion to intervene as a matter of right for clear error." *Hazel Enterprises, LLC v. Cmty. Fin. Servs. Bank*, 382 S.W.3d 65, 67 (Ky. App. 2012).

There is no dispute regarding the timeliness of the Cabinet's motion to intervene and the fact that subsection (a) does not apply. However, the issue before us is whether the Cabinet was entitled to intervene as a matter of right under subsection (b).

The circuit court determined that nothing in KRS 205.8453 -- or otherwise -- gave the Cabinet a present substantial interest in the subject matter of the lawsuit. We cannot agree. The lawsuit requested that Brasher's real and personal property be turned over to Gill as reimbursement for expenditures that Gill -- Brasher's daughter -- alleged to have made over ten years. At that same time, Brasher was an applicant for Medicaid benefits.

KRS 205.8453 *mandates* that "[i]t shall be the responsibility of the Cabinet for Health and Family Services and the Department for Medicaid Services to control recipient and provider fraud[9] and abuse . . . ." Subsection (4) provides

---

[9] KRS 205.8451(2) defines "fraud" as "an intentional deception or misrepresentation made by a recipient or a provider with the knowledge that the deception could result in some unauthorized benefit to the recipient or provider or to some other person. It includes any act that constitutes fraud under applicable federal or state law."

that the Cabinet shall do so by instituting such "other measures necessary or useful in controlling fraud and abuse." We conclude that the Cabinet had a present substantial interest in the subject matter of the lawsuit because it is clearly charged with the duty of controlling recipient and provider fraud and abuse. The Cabinet requires recourse to the judicial system in order to carry out its statutory duty.

As the Cabinet notes, the circuit court did not base its ruling on the remaining prongs of CR 24.01(1)(b) -- that the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest -- unless that interest is adequately represented by existing parties. We fully agree with the Cabinet's argument that it meets those prongs -- even though they were not addressed by the circuit court. On the very day that it denied the Cabinet's motion to intervene, the circuit court entered default judgment for Gill and ordered Brasher to turn over her interest in real property, a checking account, three certificates of deposit, a Met Life Account and various EE bonds to Gill. Without a doubt, that order divested Brasher of substantial assets impairing or impeding the Cabinet's ability to protect its interest in the subject matter of the litigation. The existing parties could not -- and clearly would not -- adequately represent the Cabinet's interest.

Therefore, we vacate the order of the Livingston Circuit Court denying the Cabinet's motion to intervene. In light of our determination, we set

-11-

aside the default judgment as void, having been erroneously entered. This matter is remanded to the Livingston Circuit Court with instructions to enter an order allowing the Cabinet to intervene and for further proceedings consistent with that intervention.

ALL CONCUR.

BRIEF FOR APPELLANT:

Olivia M. Peterson
Ashley G. Kennedy
Frankfort, Kentucky

BRIEF FOR APPELLEES:

Joe Harvey Kimmel, III
Paducah, Kentucky